AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  3:25-mj-71006 MAG |
| REGINALD WEAVER ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* | |

**FILED**
Aug 19 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  July 17, 2025,  in the county of  Marin  in the  Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. s 841(a)(1) | Possession with Intent to Distribute Methamphetamine |

Max Penalties:
20 years' imprisonment
$1 million fine
Lifetime Supervised Release, with a minimum of 3 years
Forfeiture

This criminal complaint is based on these facts:

See attached affidavit of DEA Special Agent Geoff S. Kolanowski

☑ Continued on the attached sheet.

Approved as to form  *Kevin J. Barry*
                              AUSA

/s/ Geoff Kolanowski
*Complainant's signature*

Geoff S. Kolanowski, Special Agent, DEA
*Printed name and title*

Sworn to before me by telephone.

Date:  08/12/2025

*Judge's signature*

City and state:  San Francisco, California

Hon. Sallie Kim, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Geoff S. Kolanowski, a Special Agent of the Drug Enforcement Administration ("DEA"), being duly sworn, hereby declare as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a Criminal Complaint alleging a violation 21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance). Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that Reginald WEAVER and other members of his drug trafficking organization have distributed methamphetamine and possessed methamphetamine with intent to distribute it.

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents and witnesses. This affidavit does not set forth all of my knowledge about this matter; it is intended only to show that there is sufficient probable cause for the requested Complaint.

## AFFIANT BACKGROUND AND EXPERIENCE

3. I am an "investigator or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses of Federal law, including controlled substance offenses.

4. I am a Special Agent employed by the Department of Justice, DEA, and have been since January 1999. I am currently assigned to the San Francisco Field Division, but I primarily work with and am attached to the Marin County Sheriff's Office (MCSO) Specialized Investigative Unit (SIU). In that capacity, my geographic primary area of investigative

operations starts at the Golden Gate Bridge and continues north to the Oregon border, and east to the Central Valley of California. I am authorized and presently assigned to investigate and enforce violations of the Controlled Substance Act (CSA) and other violations of federal law. with the authority to execute warrants issued under the authority of the United States.

5. Prior to becoming a DEA Special Agent, I completed the Alaska Law Enforcement Training Academy in May of 1996. During the 16-week training academy, I received basic instruction in police procedure and operations. This also included a basic block of instruction on illegal drug identification and narcotics law enforcement. Following my graduation, I was employed as a Special Commissioned Officer with the Alaska State Troopers, Statewide Narcotics Unit. During this time, I also served in the Alaska National Guard Counterdrug Support Program, which provided logistical and analytical support to law enforcement counter-narcotics operations statewide. I served a total of 13 years in the U.S. Army and National Guards of Alaska and California. During my time in the U.S. Army, I received training in U.S. Army Basic Training, Advanced Individual Training as an Infantry soldier (MOS 11B), and Advanced Individual training as a Counterintelligence Agent (MOS 97B). Other schools that I have attended include U.S. Army Airborne School and Field Police Operations School.

6. During my employment with the DEA, I received four months of full time, formalized training at the DEA Basic Agent Training Academy in Quantico, Virginia. This included, but was not limited to, drug identification, detection, interdiction, undercover operations, money laundering techniques, transportation, concealment, and sales of narcotics; in addition to the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances.

7. I have participated in over 500 investigations involving narcotics and controlled substances such as marijuana, cocaine, heroin, crack cocaine, ecstasy, and methamphetamine. These investigations have resulted in arrests of numerous individuals, the seizure of illicit drugs and drug-related evidence, and the forfeiture of drug-related assets. I have participated in and/or

executed over 500 search warrants authorizing the search of locations such as residences, businesses, storage facilities, and vehicles related to drug traffickers and their co-conspirators. I have participated in hundreds of hours of surveillance operations, observing and recording movements of persons trafficking in drugs and those suspected of trafficking in illegal drugs.

8. I have had almost daily conversations with other experienced DEA Special Agents and state and local officers regarding narcotics and narcotics-related subjects for the purpose of expanding and developing my expertise in the areas of identification, sales, possession for sale, and distribution of narcotics and methods of operation of narcotics traffickers.

9. I have been involved in numerous interviews of cooperating sources and individuals involved in the illegal trafficking of drugs and substances and have had numerous discussions regarding their various operations. I have read official reports of similar interviews by other experienced DEA Special Agents and other law enforcement officers that are experienced in drug related investigations. As a result of my experience, I have encountered and become familiar with the day-to-day operations and the various tools, methods, trends, paraphernalia, and related articles utilized by various traffickers in their efforts to possess, import, conceal, and distribute controlled substances.

## APLICABLE STATUTES

10. Title 21, United States Code, Section 841(a)(1) criminalizes possession with intent to distribute and distribution of federally controlled substances.

## STATEMENT OF PROBABLE CAUSE

**A.   Background of the Investigation**

11. This investigation started in March 2025 when a citizen source of information (SOI) came forward and identified Reggie WEAVER as a source of methamphetamine. A check of Law Enforcement criminal databases and commercially available databases located a Reginald WEAVER with an address of 2863 10th Street Richmond CA as a possible match to the individual that was identified by the citizen SOI. A cell phone number 510-253-8477 was

provided by the SOI, which was also listed in the commercial databases. This number was identified by the SOI as phone used by WEAVER to conduct narcotics transactions. A DEA administrative subpoena to the Telecom Provider T-Mobile revealed the phone service subscriber as Reginald Lee WEAVER, 2869 10th Street. San Pablo, CA (**Target Address #2**). WEAVER has an extensive criminal history with multiple state arrests for possession and sales of narcotics.

12. I am not relying on information from the SOI to establish probable cause to support the application for this Complaint. I am providing this information only as background for the investigation that led to the purchases of methamphetamine described below.

**B.     April 17, 2025 Purchase of Three Ounces of Crystal Methamphetamine**

13. On April 17, 2025, Marin County Sheriff's Office (MCSO) Detectives conducted a controlled purchase of three ounces of crystal methamphetamine from WEAVER for $500. Acting in an undercover capacity, MCSO Det. Hart was able to successfully conduct a phone introduction and then negotiated for the purchase of a sample amount of crystal methamphetamine with the expectation of larger purchases to follow. Det. Hart attempted to text WEAVER, but those texts received no response. Det. Hart then initiated a telephone call to 510-253-8477 and asked the individual who answered the call, "is this Reggie?" The person who answered the phone responded "yes." Det. Hart then arranged for a purchase of three ounces of crystal methamphetamine. All calls and texts were recorded. Det. Hart arranged to have the deal occur in Marin County, and at that point WEAVER stated he was going to send his "boy" to the deal.

14. A short time late Det. Hart received a phone call from WEAVER using 510-830-7187. WEAVER told the UC that this was his "boy's number" and then WEAVER handed the phone to an individual who identified himself as "KC." Det. Hart and "KC" then arranged the final details for meeting and completing the three-ounce transaction. Det. Hart and "KC" later met in San Rafael, CA. Det. Hart gave KC $500, and KC gave Det. Hart three ounces of crystal methamphetamine.

4

15. Agents queried commercial databases for the telephone number 510-830-7187 and used a DEA administrative subpoena to reveal a T-Mobile account for that number in the name of Khae SAECHAO, 3016 Birmingham Drive, San Pablo, CA. 94806. Agents and Detectives reviewed SAECHAO's photo from his California Driver's license B4940606. Det. Hart confirmed that "KC" of the April 17, 2025 methamphetamine transaction was Khae SAECHAO from the photograph on the Driver's license. SAECHAO has a lengthy criminal history that includes arrests for controlled substance, firearms possession, burglary, battery and other offenses.

**C.     July 17, 2025 Purchase of Two Pounds of Crystal Methamphetamine**

16. On July17, 2025, Det. Hart contacted WEAVER and negotiated for a purchase of two pounds of crystal methamphetamine. They eventually agreed on a price of $2,800 for the two pounds and agreed to complete the transaction at the San Pablo Lytton Casino in San Pablo, CA. During the negotiation between Det. Hart and WEAVER, WEAVER mentioned that he did not have the agreed upon two pounds of product and was working on securing the drugs from other sources. Surveillance observed WEAVER park and meet in several different areas prior to the deal. Then, as the agreed upon meet time approached, WEAVER drove directly to the San Pablo Lytton Parking Lot.

17. Once at the San Pablo Lytton Casino Parking lot, WEAVER observed Det. Hart standing outside his vehicle. (The two were familiar with each other because they participated in transactions after the initial April 2025 sale, but those transactions are not detailed in this affidavit.) WEAVER drove up to Det. Hart and stopped. Det. Hart then leaned into the passenger's side window and after initial conversation, gave WEAVER $2,800 in DEA Official Authorized Funds (OAF). WEAVER then nodded to a grey plastic bag, sitting on the passenger's seat of the vehicle. Det. Hart retrieved the plastic bag, and inside were two pounds of crystal methamphetamine, wrapped separately in clear plastic wrap. Det. Hart later confirmed to me that the individual that he completed the deal with was Reggie WEAVER.

5

18.     Det. Hart returned to his vehicle and drove directly to the Marin County Sheriff's Office to process the evidence. During processing the total gross weight of the two bags wrapped in clear cling wrap, was recorded as 901 grams, and the white crystalline substance inside tested positive for methamphetamine using the Tru Narc testing device.

## CONCLUSION

I submit that this affidavit provides probable cause that Reginald WEAVER committed the offense of distributing and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

_____/s/_____
GEOFF KOLANOWSKI
Special Agent
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on August 12, 2025. This application and warrant are to be filed under seal.

_____
HONORABLE SALLIE KIM
United States Magistrate Judge